[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 16-11352
Non-Argument Calendar
_____

D.C. Docket Nos. 1:15-cv-22380-KMM; 1:13-bkc-14289-LMI


In Re:  THE FORT LAUDERDALE BRIDGE CLUB, INC.,

                                                                              Debtor.

_____

SAMUEL ROSEN,

                                                              Plaintiff-Appellant,

versus

THOMAS L. ABRAMS,

                                                              Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 17, 2016)

Before TJOFLAT, WILLIAM PRYOR and JILL PRYOR, Circuit Judges.

PER CURIAM:

Samuel Rosen appeals two orders issued by the district court in a bankruptcy case. The first order affirmed the decisions of the bankruptcy court to enforce a settlement agreement and a plan of reorganization. The second order prevented Rosen from submitting any additional filings without advance permission from the district court. We affirm.

## I. BACKGROUND

Between 2010 and 2013, Rosen filed several actions against The Fort Lauderdale Bridge Club, Inc. and its leadership on behalf of himself and other members that caused the Club to declare bankruptcy under Chapter 11 of the Bankruptcy Code. In May 2014, the bankruptcy court approved a settlement in which Rosen received $75,000 in exchange for dismissing all pending actions and releasing the Club, its leadership, and its attorney, Thomas Louis Abrams, from liability for their actions in the bankruptcy proceedings. Later, the bankruptcy court confirmed a plan of reorganization for the Club and then entered a final decree that closed the bankruptcy case.

After Rosen submitted a letter to the Club demanding that it sue Abrams, the bankruptcy court granted Abrams's request to reopen the bankruptcy case. Abrams moved to sanction Rosen for violating the settlement agreement and to enforce the

2

plan of reorganization. The bankruptcy court issued two orders that enforced Rosen's agreement to relinquish all claims against Abrams and the provision in the plan of reorganization prohibiting further litigation against Abrams. The district court also awarded Abrams $5,320 in fees over Rosen's objections.

Rosen appealed the orders of enforcement and the fee award, and the district court affirmed. The district court ruled that Rosen lacked standing to appeal the order that enforced the plan of organization, that Rosen violated the agreement in which he "relinquished any right he may have had to pursue a derivative action," and that Abrams was entitled to recover his attorney's fees and costs. To deter Rosen from "filing [additional] frivolous claims and appeals . . . and . . . [to] protect[] . . . limited judicial resources," the district court ordered the clerk to "not accept any further filings or appeals from Rosen [for which he had not] first obtain[ed] permission" to file.

## II. STANDARDS OF REVIEW

As the second court of review, we review *de novo* the legal conclusions of the district court and the bankruptcy court. *In re Custom Contractors, LLC*, 745 F.3d 1342, 1346 (11th Cir. 2014). We review related findings of fact for clear error. *Id.*

3

### III. DISCUSSION

Rosen challenges the orders entered by the district court. Rosen argues that he did not violate the settlement agreement and that he had standing to appeal the order that enforced the plan of organization. Rosen also asserts that the district court erred by awarding Abrams $5,320 in attorney fees without a hearing and by prohibiting Rosen from filing further pleadings without advance permission. These arguments fail.

The district court did not err by affirming the order that enforced the settlement agreement against Rosen. Rosen wrote a letter to the Club demanding that it "recover from . . . Abrams all damages occasioned by his wrongful conduct" while representing the Club. That letter flagrantly violated the settlement agreement, which was formulated to "end . . . all hostilities, motions and actions by" Rosen against Abrams. Rosen agreed to, individually and through "all of those claiming by or through [him]," to "release . . . any and all claims, rights, and causes of action . . . of any type whatsoever, which relate to, concern or arise in any way from the relationship between [Abrams] and [Rosen] and [Rosen] and the [Club], including but not limited to . . .  claims . . . which relates in any way to [Abrams's] representation of or relationship with the [Club]." Rosen argues that his demand letter represents the exercise of "a constitutionally protected right, [of] not only free speech but a right secured under a state statute," but we will not

4

consider an argument that Rosen failed to present to the district court, *see In re New Power Co.*, 438 F.3d 1113, 1122 (11th Cir. 2006), and that he raises in a conclusory manner, *see Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 682 (11th Cir. 2014). Rosen also argues that the district court "reli[ed] []on the plan to find" that he breached the settlement agreement, but the district court did not mention the plan of reorganization in its decision.

Rosen argues that he had standing to appeal the order that enforced the plan of reorganization, but we decline to consider this argument. Rosen fails to satisfy his obligation to state his "contentions and the reasons for them, with citations to the authorities and parts of the record" that support his argument. *See* Fed. R. App. P. 28(a)(8); *Sapuppo*, 739 F.3d at 681. Rosen's brief is devoid of any caselaw or any substantive discussion about his standing to appeal an order that relieves Abrams of liability for his legal services.

We decline to consider Rosen's challenges to the fee award to Abrams and to the order prohibiting Rosen from submitting additional filings in the district court. Rosen lists the two arguments in his statement of the issues, but he fails to mention, much less discuss, the issues in the argument portion of his brief. A list of "conclusory assertions" about which "[t]he brief makes no argument and cites no authorities" fails to present a cognizable issue for review on appeal. *Sapuppo*, 739 F.3d at 682.

## IV. CONCLUSION

We **AFFIRM** the judgment of the district court.